PETER T. SMITH v. The TRENTON DELAWARE FALLS COMPANY et al.

4 505
65L 586

If one of several joint mortgagees dies, his representatives must be made parties to a bill affecting the rights or interests of the mortgagees. Such bill cannot be filed by or against the survivors only.

If the effect of granting the prayer of a bill will be to relieve the receivers of an incorporated company from a portion of their duties, and to effect, *pro tanto*, a removal of the receivers, they must be made parties.

Under the act, entitled, "An act to prevent frauds by incorporated companies," the receivers have authority to compel a disclosure of the knowledge possessed by any person of the affairs and transactions of the company, and a creditor may have such disclosures, upon a proper application for that purpose to the receivers. He cannot maintain a bill for such discovery.

Nor can a bill be maintained by a creditor of an incorporated company, after the appointment of receivers, to settle the validity and priority of claims and incumbrances upon the property of the company. It is the duty of the receivers to settle priorities, and in so doing to decide upon the validity of the claims against the company.

43

[Smith v. The Trenton Delaware Falls Co.]

Nor can a bill be sustained by such creditor to inquire into the validity of as-
signments or transfers of property made by the company. This also is
within the province of the receivers.

Where a bill charges that an act of the legislature is contrary to the constitu-
tion of the United States, and in violation of the rights of the complainant,
and illegal and void, the court will not, under the general prayer for relief,
declare such act unconstitutional or void.

THE bill in this case is filed by an execution creditor of the
Trenton Delaware Falls Company. After setting out the com-
plainant's judgment and execution, it states, that the said com-
pany had constructed a raceway, and created a water-power at
and near the city of Trenton ; that they had executed sundry
leases of water to different lessees, reserving large annual rents
thereon ; that the said leases are still subsisting, and owned by
the said company ; that assignments have been made, or at-
tempted to be made by the said company, of certain of the said
leases, but that such pretended assignments are invalid ; and
that the rents reserved thereon are equitable assets, and ought
to be applied under the direction of the court in the payment of
the complainant's judgment. That the said company have exe-
cuted divers mortgages, which are incumbrances upon their real
estate, prior in point of time to the complainant's judgment.
States the said mortgages severally, and to whom made ; that
certain of the mortgagees are dead, leaving their co-mortgagees
surviving. Charges that certain of the said mortgages cover
only a part of the real estate of the said company ; that some
of them were never duly executed, having no wax or wa-
fer seals, and that they were not duly acknowledged or re-
corded.

States that sundry judgments were also entered against the
said company prior to the complainant's judgment ; that certain
of the said judgments are fraudulent as against the complainant,
and ought not to be preferred to his judgment.

States that on the twenty-fifth of May, eighteen hundred and
forty-three, a bill was filed in this court by Andrew Carrigan,
a judgment creditor of the said company, whereupon such pro-

ceedings were had, that the said company was declared to be insolvent, an injunction issued, and receivers were appointed, under the act, entitled, "An act to prevent frauds by incorporated companies." That in the bill filed by the said Carrigan, all the judgments and mortgages given by the said company were treated as valid incumbrances, and as neither the complainant nor any of the said mortgage and judgment creditors were made parties to the said suit, no opportunity is afforded to the complainant to test their validity in said suit. That two of the receivers appointed by the court are large creditors of the said company; that two of them are also officers and stockholders of the Trenton Banking Company, which claims priority over the complainant's judgment, and that the said receivers are unsuitable persons to settle the validity and priority of the several claims against the Trenton Delaware Falls Company.

States that a decree of this court was made touching the premises, by virtue of an act of the legislature of the state of New-Jersey, which act was unconstitutional and void. That the said receivers made sale of the chartered rights and franchises of the said the Trenton Delaware Falls Company, by virtue of another act of the legislature of New-Jersey. Charges that the said last mentioned act is also unconstitutional and void.

The bill prays that the several leases made by the company, and held by them, may be declared equitable assets, and be applied in payment of the complainant's judgment; that the priority of the several mortgages, judgments and incumbrances, against the said company, may be ascertained and established; that all such mortgages, made by the said company, prior to the complainant's judgment, as were not duly executed, acknowledged and recorded, may be set aside or postponed to the complainant's judgment; and that all judgments confessed by the said company for the purpose of preferring creditors, may be declared fraudulent as against the complainant.

Demurrers were filed to the bill, assigning several grounds of demurrer, which are stated in the chancellor's opinion.

*S. G. Potts* and *Vroom,* for defendants, in support of the demurrers.

*W. Halsted,* for complainant, contra.

THE CHANCELLOR. The first ground of demurrer to the bill in this suit, is the want of proper parties.

It has been found difficult to gather from the authority of cases decided, a rule on the subject of parties, concise, yet sufficiently comprehensive to meet every case.

In *Wiser* v. *Blachly*, 1 *John. C. R.* 438, chancellor Kent observed that " the general rule is, that you must have before the court, all parties whose interests the decree may touch, because they are concerned to resist the demand, and to prevent the fund from being exhausted by collusion."

This rule is well sustained by the authority of the English books, and accords with the rule of Calvert in his treatise on *Parties in Equity, page* 11 : "All persons having an interest in the object of the suit ought to be made parties."

This rule, although general, is not universal, but has its exceptions, in cases of creditors, or legatees of personal estate, whose interest is supposed to be defended by the personal representative : 1 *Vesey*, 105, 137 ; 1 *Brown C. R.* 303 ; and where parties are so numerous as would cause great inconvenience in bringing them in, or where one files a bill on behalf of himself and others.

If we apply this rule to the present case, it is manifest that the representatives of the deceased mortgagees, being interested in the object of the suit, should have been made parties.

The right to sue or defend, does not rest alone in the surviving obligee. An action at law is required to be brought in the name of the survivor of several obligees, or against the survivor of several obligors, because the parties must sue or be sued in the same right ; but this is not the rule in equity, and consequently the fact of the obligation being joint, does not answer the objection.

[Smith v. The Trenton Delaware Falls Co.]

The decree in favor of Andrew Carrigan, against the company, is made a subject of complaint in the bill, and although its correction is not directly asked, yet it would seem to be indirectly sought, and if so, the interest of Carrigan may be affected, and he should have been a party.

The bill charges that the receivers of the company are so interested, that they are incompetent to determine the matters which may be brought in question before them.

This is not in terms an effort to remove them, but if the prayer of the bill is granted, they must be relieved of a considerable portion of their present duties, and *pro tanto* removed. Under such circumstances, it is manifestly right that they should be heard, and for that purpose made parties.

The demurrer, so far as relates to want of parties, must prevail.

It is said in the next place by the demurrants, that the complainant may have all the remedy he is entitled to, under the bill filed by Carrigan.

So far as relates to the relief specially prayed, he clearly may.

1st. As to the discovery sought.

By the act of sixteenth of February, eighteen hundred and twenty-nine, (*Elmer's Dig*. 35, sec. 10,) it is made lawful for the receivers, in order to enable them to ascertain and secure the property and effects of the company, to send for persons and papers, and to examine the said persons, and the president, directors, managers, cashier and all the officers and agents of the company, on oath or affirmation, respecting the affairs and transactions of the said company, and the estate, money, goods, chattels, credits, notes, bills, choses in action, real and personal estate and effects of every kind, of said company, on pain of imprisonment for refusing to be sworn or affirmed and to answer.

Under this act, the receivers have due authority to compel any person to disclose any knowledge he may possess, respecting the affairs and transactions of the company; and the complainant, on proper application to the receivers, could have had such

43*

disclosure. The receivers represent as well the creditors as the stockholders of the company, and the complainant, as a creditor, was a party to the bill of Carrigan, which was filed on behalf of all the creditors.

2d. As to the priorities of the incumbrances. The receivers have the authority, and it is their duty to settle them; and in case of dissatisfaction, an appeal to the chancellor is expressly given : *Elmer's Dig.* 36, *sec.* 16, 18.

In settling priorities, they must inquire into the validity of the several claims, and refuse to allow any they may believe to be fraudulent or illegal.

3d. And so may they also inquire into the validity of all the transfers made by the company, and should they find any of the property or choses in action of the company illegally transferred, they may with propriety, and should claim such as assets for the benefit of the creditors and stockholders.

But the complainant, by his counsel, insists that he is entitled to be relieved against two several acts of the legislature, which he alleges to be contrary to the constitution of the United States, and illegal and void.

I have not been able to see how the constitutionality of those acts can be called in question before the receivers, nor upon an appeal from, or exceptions to their determination, before this court, or in any way under Carrigan's bill, unless it be on a question of appropriation of the funds of the company by the receivers. If so, and the complainant's bill is properly framed, he may have any relief to which he is entitled under the general prayer. The correct rule I take to be that laid down by judge Story in his *Equity Pleadings*, 39, (*pl.* 40.) "The court may afford him the relief to which the party has a right, under the prayer of general relief, provided it is such relief as is agreeable to the case made by the bill."

In *English et al.* v. *Foxal*, 2 *Pet. R.* 612, Mr. justice Thompson said, "There is no doubt but that, under the general prayer, other relief may be granted than that which is particularly

prayed for, but such relief must be agreeable to the case made by the bill."

But the court will not in all cases be so indulgent as to permit a bill framed for one purpose to answer another, particularly if the defendant may be surprized or prejudiced: *Mitford on Pl.* 31.

The allegations of the bill in reference to those acts are so vague and indefinite, that a party defendant could scarcely anticipate that the complainant was seeking to have them declared void.

As to the first act, it is merely alleged that this court, under and by virtue of an act passed the eleventh of March, eighteen hundred and forty-two, (setting forth its title,) made a decree on the seventh of November, eighteen hundred and forty-three, which said act he charges to be contrary to the constitution of the United States, and therefore illegal and void.

What decree is here alluded to, and how it affects the case, we are left to surmise, and wherein the act is contrary to the constitution we are not told.

As to the other, it is alleged, that after the said decree of sale, and after the receivers had advertised all the chartered rights, &c. of the company, the legislature, on the fifteenth of February, eighteen hundred and forty-four, passed another act, (giving its title,) authorizing the receivers to sell those chartered rights, &c. free and clear of all mortgages, judgments, liens and incumbrances; which said act is charged to be contrary to the constitution of the United States, and in violation of the rights of the complainant as a judgment creditor, and illegal and void.

What relief the complainant could be entitled to, under such an allegation, and what he might seek at the bar of the court under the general prayer of the bill, it is not easy to discover; and if the act last mentioned were to be declared void, I have not been able to see how the complainant would be benefited thereby.

The demurrer to the bill I conceive to have been well taken,

and it must be sustained. The complainant, however, has leave to amend, upon payment of costs. If he prefers not to amend the bill, it must stand dismissed, with costs.